IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cv-00412-WJM-CBS

ORICA AUSTRALIA PTY LTD, an Australian proprietary limited company,

    Plaintiff,

v.

ASTON EVAPORATIVE SERVICES, LLC, a Colorado limited liability company,

    Defendant and Third-Party Claimant,

v.

UE MANUFACTURING, LLC, a Colorado limited liability company,

    Third-Party Defendant

## STIPULATED PROTECTIVE ORDER

The Court being advised of the agreement of the parties to the entry of this Stipulated Protective Order, IT IS HEREBY ORDERED THAT:

WHEREAS, the parties have, through counsel, agreed to be bound by and stipulated to the entry of this Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information; and

IT IS HEREBY STIPULATED, AGREED AND ORDERED that the terms and conditions of this Stipulated Protective Order shall govern initial disclosures, the

production and handling of documents and things, answers to interrogatories, responses to requests for admissions, depositions, inspections, pleadings, exhibits and other information exchanged by the parties, or received from non-parties, in this action:

1.	Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client.  Information and documents designated by a party as confidential ("Confidential Information") will be stamped "Confidential."

2.	Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3.	In the event that a party challenges another party's Confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4.	Information or documents designated as "Confidential" shall not be disclosed to any person, except:

  a. The requesting party and counsel, including in-house counsel;

  b. Employees of such counsel assigned to and necessary to assist in the litigation;

  c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

  d. Any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

  e. The Court, any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

  a. inform the person of the confidential nature of the information or documents; and

  b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such

display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.  In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court.  To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition.  Where possible, only confidential portions of filings with the Court shall be filed under seal.

9. If any privileged or otherwise protected information is inadvertently produced, the producing party may provide written notice to any other parties that such information has been inadvertently produced or disclosed. Within three (3) business days of the receipt of such notice, each other party shall return to the producing party all such information and copies thereof identified in the notice in its possession, custody, or control and shall make reasonable efforts to reclaim and return any such information. The party that has inadvertently produced or disclosed such information shall provide a privilege log identifying the information returned to the producing party.

10. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order

- 6 -

may be enforced by any party and any violation may result in the imposition of sanctions by the Court.

DATED: this __7th__ day of __July, 2014__.

BY THE COURT

~~District Court Judge~~
Craig B. Shaffer
United States Magistrate Judge

## **EXHIBIT A**

## **DECLARATION REGARDING CONFIDENTIALITY**

I _____ have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential.  I have been informed that any such documents or information labeled "Confidential" are confidential by Order of the Court.

I have received a copy of the STIPULATED PROTECTIVE ORDER, entered in this case, and agree to be bound by its terms.  I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

By: _____

Signed in the presence of:

_____
(Attorney)
(Print name) _____