IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-cv-00412-WJM-CBS

ORICA AUSTRALIA PTY LTD,

    Plaintiff,

v.

ASTON EVAPORATIVE SERVICES, LLC,

    Defendant and Third-Party Claimant,

v.

UE MANUFACTURING, LLC,

    Third-Party Defendant.

**ORDER APPROVING STIPULATIONS
FOR CERTAIN DEPOSITIONS TO BE TAKEN IN AUSTRALIA
AND APPOINTING OFFICERS FOR SAME**

By their counsels' signatures, the parties stipulate and agree that:

1. The parties intend to notice and take the following non-party depositions (the "Depositions") under Fed. R. Civ. P. 30 & 32(d)(1) in Australia during the period of December 2 – December 12, 2014, which collectively shall be referred to as the Australia Depositions:

    a. Fadi Akkawi of Melbourne, Victoria;

    b. Sanjay Chopra of Melbourne, Victoria;

    c. Adam Greenham of Melbourne, Victoria;

    d. John Hendry of Brisbane, Queensland;

    e. Adam Dorahy of Wollongong, New South Wales;

    f.  Michael Griffiths of Wollongong, New South Wales; and

    g.  Such additional witnesses in Australia as the parties may agree to notice and take during the period in question.

2. Each Deposition will be conducted under and governed by the Federal Rules of Civil Procedure, the orders of the Court, and these stipulations or any modifications to them mutually agreed in writing or on the record.

3. The parties agree to cooperate with each other in the timing and scheduling of the Australia Depositions in order to accommodate the witnesses and to complete as many depositions as is feasible during the period. Each Deposition will begin at a mutually agreed date and time and will continue from day-to-day until complete.

4. The Australia Depositions will be taken before court reporters employed by Merrill Legal Solutions or Merrill Corporation, who are not disqualified for the reasons in Fed. R. Civ. P. 28(c) and who, upon the Court's approval of these stipulations, are appointed as officers to administer the oaths or affirmations and take evidence in accordance with these stipulations for each Deposition.

5. The parties waive all objections to and stipulate to the qualifications of court reporters employed by Merrill Legal Solutions or Merrill Corporation to conduct the Australia Depositions, or such other court reporters as the parties may agree to.

6. The Australia Depositions will be recorded stenographically and may also be recorded by audiographic and/or videographic means.

7. Originals of exhibits offered in any Deposition may be retained by offering counsel. Copies of such exhibits will be given to the appointed officer and counsel for

other parties by the offering counsel. Offering counsel will preserve originals for comparison with copies. If no objection is made on the record to the quality or accuracy of any copy, the copy given to the officer may be used as an original for all purposes.

8. The witnesses need not sign the transcript of their Deposition.

9. If any witnesses make any changes to their testimony upon review, they must be listed and explained in accordance with Fed. R. Civ. P. 30(e)(1) under oath before a notary. Any changes offered after the 30-day period provided in Fed. R. Civ. P. 30(e)(1) shall be null, void, and without effect.

10. In each Deposition, the deponent will be administered any oath or affirmation sufficient under either federal law or under the law in the place of the Deposition for the taking of evidence.

11. Each Deposition's transcript may be read, audio may be played, or video may be presented into trial evidence, regardless of the availability of the witness at time of trial.

12. If the Australia Depositions are completed in accordance with these stipulations or any modifications to them mutually agreed in writing or on the record, then:

   a. The method of recording each Deposition will be deemed sufficient under Fed. R. Civ. P. 30(c)(3);

   b. The oath or affirmation administered in each Deposition will be deemed sufficient under Fed. R. Civ. P. 28 & 30(c)(5)(A)(iv);

   c. Each Deposition will be deemed a lawful deposition under Fed. R. Evid. 804(b)(1)(A);

DEN-50774

 d. The testimony in each Deposition will be deemed testimony given under penalty of perjury under Fed. R. Evid. 801(d)(1)(A);

 e. Each party will be deemed to have been present or represented at the taking of each Deposition or to have received reasonable notice of it under Fed. R. Civ. P. 32(a)(1)(A);

 f. Each party will be deemed to have been given an opportunity to examine the witnesses' statements in each Deposition under Fed. R. Evid. 613(b);

 g. Each party will be deemed to have waived any objection to the notice of the Deposition under Fed. R. Civ. P. 32(d)(1);

 h. Each party will be deemed to have waived any objection to the officer before whom the Deposition is taken under Fed. R. Civ. P. 32(d)(2);

 i. Each party will be deemed to have waived any objection to the manner of recording the deposition testimony under Fed. R. Civ. P. 32(d)(3);

 j. Each party will be deemed to have waived any objection to the oath or affirmation administered in the Deposition under Fed. R. Civ. P. 32(d)(3); and

 k. Each party will be deemed to have waived any objection to how the officer transcribed the testimony under Fed. R. Civ. P. 32(d)(4).

13. Each party agrees that, to the best of its knowledge, each witness has agreed to appear voluntarily at his or her respective Deposition without the need for subpoena or compulsion.

14. Each party agrees that none of the witnesses are under the control of any other party, that no party can guarantee to any other party whether any witness will actually

4

DEN-50774

appear and testify at any Deposition, that each party will bear all of its own financial costs and risks from any witness's failure to appear or testify, that it will not seek sanctions or reimbursement of expenses or the like from any other party for any witness's failure to appear or testify, and that it will not seek recovery of expenses under Fed. R. Civ. P. 30(g)(2).

15. The Court approves the above stipulations.

DATED at Denver, Colorado, this 17th day of November, 2014.

BY THE COURT:

_____
United States Magistrate Judge

DEN-50774

Stipulated and agreed to by:


s/*Jeffrey D. Whitney*
Christopher L. Ottele, #33801
Jeffrey D. Whitney, #35938
HUSCH BLACKWELL LLP
1700 Lincoln Street, Suite 4700
Denver, Colorado  80203
*Attorneys for Plaintiff*


*s/Benjamin M. Wegener*
Benjamin M. Wegener, #36952
YOUNGE & HOCKENSMITH, P.C.
743 Horizon Court, Suite 200
Grand Junction, Colorado 81560
*Attorneys for Defendant*


s/*Harry L. Scarborough*
Harry L. Scarborough #46272
SCARBOROUGH LAW FIRM PLLC
1444 Blake St.
Denver, CO 80202

Sam D. Starritt, #27876
DUFFORD, WALDECK, MILBURN & KROHN, L.L.P.
744 Horizon Court, Suite 300
Grand Junction, CO 81506

*Attorneys for Third-Party Defendant*

DEN-50774